```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

| | |
|---|---|
| DON LICHTERMAN, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>MTV NETWORKS, et al.,<br><br>    Defendants. | Civil No. 14-7841 (RMB/AMD)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendants' MTV Networks and Viacom, Inc. (the "Moving Defendants") Motion to Dismiss the Complaint [Docket No. 7]. For the reasons herein, the Motion is granted. Plaintiff Don Lichterman will be granted 30 days to amend the Complaint consistent with this Memorandum Order.

Plaintiffs Don Lichterman, Sunset Records, Sunset Music, and Sunset Corporation of America, Inc. (collectively, "Plaintiffs"), proceeding pro se, commenced this action on November 3, 2014, by the filing of a Complaint and Jury Demand (the "Complaint") in the Superior Court of New Jersey, Law Division, Camden County. The Complaint asserts claims against defendants MTV Networks, Adam Him, Viacom Inc., Dickhouse Productions, Winston Giles, and Music Licensing Direcotory/Giles Management.

1

The Moving Defendants removed the matter to the United States District Court for the District of New Jersey on or about December 17, 2014. [Docket No. 1] because the Complaint appeared to allege copyright infringement claims under the Copyright Act, 17 U.S.C. § 101.  See Complt. 2, ¶ 3.
Plaintiffs' Complaint alleges in a verbose and rambling fashion that undifferentiated defendants infringed an unidentified copyright by playing an unidentified song on an unidentified episode of the television show "Ridiculousness."  Plaintiffs appear to further allege that they were harassed, physically threatened, libeled and defrauded by an unidentified defendant in attempting to collect money for this use.

The Complaint consists of four parts spanning approximately forty pages including exhibits.  The first part appears to be a form complaint which sets forth several sections on the nature of the case, the parties, and jurisdiction and venue in numbered paragraphs using an unconventional numbering scheme.  (Compl., pp. 3-6).  The first part asserts that "[t]his case is quadruple folded" and this is a "[c]omplaint for copyright infringement under the Copyright Act, harassment claimns with physical threats, libelous claims, [and] fraud claims." Id. at 4.

The second part is titled "Statement of Fact Summary" and consists of two pages of dense single spaced paragraphs

containing a rambling narrative that appears to allege the breach of an implied contract between Plaintiffs and undifferentiated defendants.  Plaintiffs make a further unidentified claim that undifferentiated defendants "have gone so far to start what is a 'kickstarter' campaign to help with what is the Plaintiffs' 'mental behavior' without any proper licensing, education and training to make such a false and illegal claim."  Id. at 8.  The third part titled "Common Commercial Licenses" consists entirely of content from a third party website called "Music Services" that details different types of commercial licenses in bullet point form.  Complt., pp 9-10.

   The fourth part of the Complaint titled "Statement of the Facts Breakdown & Brand Investigations" is a rambling narrative which vaguely alleges, among other things, that undifferentiated defendants "did libel the Plaintiff by creating erroneous content on legally binding business correspondence, on a web site online and in every search engine, making illegal medical and clinical determinations about the plaintiff in writing and again, as part of a web site it had created itself."  Id. at 10-17.  Plaintiffs' seek damages for "loss of his reputation, shame, mortification, and injury to his feelings" in the amount of $350,000, plus damages at the full statutory rate.  Id. at

3

16. Attached to the Complaint are approximately 20 pages of unidentified exhibits.

The Court has reviewed the Complaint. It is woefully deficient under Federal Rule of Civil Procedure 8(a) which requires that the Complaint contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The Complaint is so confusing and unintelligible that this Court, as well as the Moving Defendants, are left speculating what Plaintiff is alleging.

Accordingly, for the reasons above, IT IS

ON THIS **13th** day of **March 2015**, hereby ORDERED that the Complaint will be dismissed without prejudice. Plaintiff Lichterman will have 45 days to file an amended complaint which <u>shall</u> consist of no more than five pages and <u>shall</u> state in numbered paragraphs the claim(S) alleged with supporting facts. To the extent Plaintiff needs additional pages to state his claim, he shall provide a one-page statement with an explanation. No further pleadings by Plaintiff Lichterman will be permitted at this time, and;

IT IS FURTHER **ORDERED** that Plaintiffs Sunset Records, Sunset Music and Sunset Corporation of America, Inc. shall have 21 days to retain counsel.  The attorney for each plaintiff shall enter an appearance by April 3, 2015.  If an attorney fails to enter an appearance for such plaintiff by that date, that plaintiff will be terminated.  A corporation may not represent itself in federal court.  See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); Van DeBerg v. Comm'r., 175 Fed. Appx. 539, 541 (3d Cir. 2006)(citation omitted).

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE